IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GREGORY D. BARRION, | : |
| Plaintiff, | : |
| VS. | : NO. 5:20-CV-126-MTT-CHW |
| Head Warden SMITH, *et al.*, | : |
| Defendants. | : |

## ORDER OF DISMISSAL

Plaintiff Gregory D. Barrion, a prisoner in Dooly State Prison in Unadilla, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He subsequently filed a supplement to the complaint, ECF No. 5, two amended complaints, ECF Nos. 6; 8, and various exhibits, ECF No. 7. On June 5, 2020, the Court notified Plaintiff that his complaints were legally insufficient. ECF No. 10. He was ordered to file an amended complaint that would take the place of his original, supplemental, and amended complaints. ECF No. 10. Plaintiff has now filed the amended complaint. ECF No. 12.

### I.  REQUEST TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 13. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has

sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The Clerk of Court is **DIRECTED** to send a copy of this Order to the Dooly State Prison.

The warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each

month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA.  Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted).  A complaint fails to state a

claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Additionally, a complaint may be dismissed for failure to state a claim when an affirmative defense, such as failure to exhaust administrative remedies or the statute of limitations, appears on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007).

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, *"[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

### III. ANALYSIS

When the Court ordered Plaintiff to amend his complaint, it specifically told him that he could

> set forth only related claims in one civil rights complaint. He may not join unrelated claims and various defendants unless the claims arise "out of the same

4

> transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims."

ECF No. 10 at 4 (citing Fed. R. Civ. P. 20(a) and *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998)). Plaintiff ignored that directive and filed an amended complaint that includes numerous unrelated claims against various Defendants.

Based on the information in Plaintiff's amended complaint, ECF No. 12, and his motions for a temporary restraining order and preliminary injunction, ECF Nos. 2; 14, Plaintiff's main concern appears to be the danger he allegedly faces at Dooly State Prison. Plaintiff states that on December 31, 2019, he was assaulted by another inmate at Dooly State Prison. ECF No. 12 at 5. On June 15, 2020, his cellmate assaulted him. *Id*. Plaintiff believes both assaults are linked to an October 4, 2019 incident that occurred at Reidsville State Prison when Sergeant Dugger hit him with a "metal detector wand." *Id*. Plaintiff states that he asked Dooly State Prison Warden Smith to transfer him immediately to a safer prison. ECF No. 12-2 at 4. She declined to do so. *Id*. at 4-5.

Under the heading, "All Events prior to the 6/15/20 'Retaliatory Cell Assault," Plaintiff states that Richardson, Thomas, and McClairen (Richardson and McClairen are not named as Defendants in the heading of Plaintiff's amended complaint) are retaliating against him for filing grievances. *Id*. at 5-6. Specifically, he states that Richardson is withholding legal materials and Thomas and McClairen refuse to have him transferred. *Id*. Additionally, Plaintiff alleges that

5

"[b]oth doctors," PA Woodard, and PA Burham, (none of whom are named as Defendants in the heading of the amended complaint) have "coerced [him] on multiple medical visits to pay $10.00 instead of $5.00." *Id*. at 7.

In the June 5, 2020 Order, the Court told Plaintiff "[t]he amended complaint must contain a separate paragraph as to each Defendant explaining what that Defendant did and the supporting facts, including dates, location, etc., to show why each person is being sued." ECF No. 10 at 4. Plaintiff has not complied with this provision in the Order. Plaintiff names fourteen Defendants in the heading of his amended complaint. ECF No. 12 at 1. He, however, names seventeen Defendants in response to question twelve, which asks the "full name, the official position, and the place of employment of each defendant in this lawsuit." *Id*. at 4. In the body of his complaint, he has failed to explain how most of these Defendants violated his rights. He simply has not included any information about many of the named Defendants.

Plaintiff's complaint is subject to dismissal because he failed to follow the Court's detailed instructions to raise only related claims and tell the Court what each named Defendant did that violated his rights. Instead, he filed an amended complaint that is materially similar to his original complaint. In such a situation, a district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)).

There is an additional reason why Plaintiff's action must be dismissed. It appears on the face of his complaint that he has not exhausted administrative remedies. In response to question nine on the 42 U.S.C. § 1983 form, Plaintiff indicates that Dooly State Prison has a grievance procedure, and he has presented his complaints to the institution as a grievance. ECF No. 12 at 3. But he has "[n]ot yet exhausted." *Id.* Instead, his grievance is "[p]ending with them right now." *Id.* at 4. Plaintiff apparently feels he is in "imminent danger," and requests the Court to grant temporary injunctive relief while he continues to exhaust. *Id.* at 3-4. Plaintiff cites *Jackson v. District of Columbia*, 254 F.3d 262, 267-68 (D.C. Cir. 2001), apparently for the proposition that the Court may grant temporary relief before a Plaintiff exhausts administrative remedies. *Id.* at 3; ECF No. 14 at 1.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA . . . ." *Jones*, 549 U.S. at 211. Thus, when a grievance procedure is available, as it is here, any prisoner "alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Bryant v. Rich*, 530 F.3d 1368, 1372 (11th Cir. 2008) (citation omitted). The Court has "no discretion to waive this exhaustion requirement." *Id.* at 1373 (citation omitted).

Plaintiff cites *Jackson*, a case from the District of Columbia Circuit Court, presumably for its statement that while there is no "irreparable harm exception" to the PLRA's exhaustion

requirement, the Court has "'traditional power to issue injunctions to preserve the status quo while administrative proceedings are in progress . . . .'" 254 F.3d at 68 (citation omitted). *Jackson* is not binding precedent and, even if it were, the language Plaintiff quotes is nonbinding dicta.[1] Additionally, Plaintiff does not seek to "preserve the status quo." *Id*. Instead, he asks the Court to upset the status quo by ordering officials at Dooly State Prison to transfer Plaintiff to some other prison immediately. ECF No. 12 at 6.

In a recent case, the Eleventh Circuit held that the district courts cannot grant preliminary injunctive relief without considering whether a prisoner has exhausted administrative remedies before filing suit. *Swain v. Junior*, 958 F.3d 1081, 1085-92 (11th Cir. 2020). "So long as those [administrative] remedies are 'available' to the prisoner, a 'court may not excuse a failure to exhaust, even to take [special] circumstances into account.'" *Id*. (citing *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). The Eleventh Circuit later held the district court abused its discretion in granting the preliminary injunction, in part because the lower court failed to consider exhaustion. *Swain v. Junior*, No. 20-11622, 2020 U.S. App. LEXIS 18689, at *37 (11th Cir. June 15, 2020). The Court stated that "'[u]exhausted claims *cannot be brought* in court.'" *Id*. at *32 (emphasis in original) (quoting *Jones,* 549 U.S. at 211). Thus, the plaintiffs were unable to show a substantial

---

[1] In *Jackson*, Rastafarian and Sunni Muslim prisoners challenged a prison grooming policy that forbade beards and long hair, arguing that the policy violated the First Amendment and the Religious Freedom Restoration Act. 254 F.3d at 264. The Court refused to adopt an irreparable-injury exception to the PLRA's exhaustion requirement and remanded the case to the district court with instructions to dismiss the case because the plaintiffs had not exhausted available administrative remedies prior to filing the case. But, when explaining why an irreparable-injury exception was not necessary, the court stated in dicta that district courts have inherent power to protect a prisoner while he exhausts administrative remedies by preserving the status quo. *Id*.

likelihood of success on the merits, which is one prerequisite for the grant of a preliminary injunction, because they failed to exhaust administrative remedies prior to filing suit.[2]  *Id*.

In conclusion, Plaintiff's amended complaint suffers from some of the same deficiencies as his earlier complaints.  Plaintiff failed to comply with the instructions in the Court's June 5, 2020 Order.  Additionally, it is clear on the face of Plaintiff's complaint that he has not exhausted available administrative remedies.  Thus, his action must be dismissed without prejudice to his right to refile once he has exhausted these remedies.  *Jones*, 549 U.S. at 215-16 (holding that while PLRA's exhaustion requirement is an affirmative defense, the normal pleading rules remain unchanged under § 1915A(b), and, therefore, dismissal for failure to state a claim remains appropriate if the allegations in the complaint establish the affirmative defense); *Bryant*, 530 F.3d at 1380 n.2 (Wilson, J., concurring) (stating dismissal is appropriate when the affirmative defense of failure to exhaust appears on the face of the complaint); *Anderson v. Donald*, 261 F. App'x 254, 256 (11th Cir. 2008) (dismissal appropriate when plaintiff's complaint shows he did not exhaust administrative remedies); *Okpala v. Drew*, 248 F. App'x 72, 73 (11th Cir. 2007) (holding the district court did not err by dismissing the complaint, pursuant to § 1915A because plaintiff's failure to exhaust administrative remedies was clear from the face of the complaint).

Accordingly, Plaintiff's action is **DISMISSED WITHOUT PREJUDICE**.  28 U.S.C. § 1915A(b)(1).

---

[2] Similarly, it is clear Plaintiff has not exhausted available administrative remedies.  ECF No. 12 at 3-4.  Thus, he is unable to show a likelihood of success on the merits in his current action.  Consequently, his motions for a temporary restraining order and/or preliminary injunction, ECF Nos. 2; 14, are **DENIED**.

**SO ORDERED** this 27th day of July, 2020.

                                               S/ Marc T. Treadwell
                                               MARC T. TREADWELL, CHIEF JUDGE
                                               UNITED STATES DISTRICT COURT